IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| STEVEN RAY THOMAS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>LOUIS E. BRUCE, et al., )<br>)<br>Defendants. )<br>                                                                ) | Case No. 04-3274-JTM |

## MEMORANDUM AND ORDER

This matter is before the court on the following motions:

1. Plaintiff's Motion for Appointment of Counsel (Doc. 16 & 55);

2. Plaintiff's Motion "for Joinder" (Doc. 45); and

3. Plaintiff's Motion the Appointment of an Expert (Doc.47).

The court's rulings are set forth below.

### Background

Plaintiff, a prisoner with Hepatitis C, asserts an Eighth Amendment claim for deliberate indifference to his medical needs. Specifically, plaintiff contends that blood tests were conducted at the Hutchinson Correctional Facility and Dr. Brockbank ordered a liver biopsy. The liver biopsy was not performed and, after exhausting administrative remedies, plaintiff filed this action on August 8, 2004.

Judge VanBebber dismissed the case for failure "to state a claim upon which relief may be granted" and plaintiff appealed. (Doc. 3, filed September 9, 2004). The Tenth Circuit reversed and remanded the case for further proceedings. (Appeal Mandate, Doc. 17, filed April 22, 2005). On remand, the Kansas Department of Corrections filed a Martinez report indicating that a liver biopsy was in fact performed on December 7, 2004 while the case was on appeal and plaintiff was approved for Interferon treatment subject to his completion of a drug treatment program and surgery on his right eye.[1] Because a liver biopsy has now been completed, the only claims apparently remaining in this case are whether defendants are liable for "deliberate indifference" (1) during the relatively narrow period of time between the order for a liver biopsy (June 13, 2004) and the date on which the biopsy was performed (December 7, 2004) and (2) for failing to commence the Interferon treatment.[2]

**Motion for Appointment of Counsel**

Plaintiff moves for the appointment of counsel, arguing that (1) he has a limited education and knowledge of the law, (2) this is a complex case, (3) he is unable to afford

---

[1] Plaintiff's eye surgery is the subject of a separate lawsuit alleging deliberate indifference to his medical care for vision problems. Thomas v. Brockbank, Case No. 04-3315-MLB (D. Kan., filed September 22, 2004).

[2] The medical records do not contain any June 13 order by Dr. Brockbank for a liver biopsy. Plaintiff's claim is based on his recollection of Dr. Brockbank's comments.

-2-

counsel, (4) his right-eye vision is severely impaired and (5) he has difficulty responding to defendants' discovery requests and summary judgment motion.  However, contrary to plaintiff's arguments, there is no pending motion for summary judgment in this case and no indication that defendants have served discovery requests.  Moreover, this does not appear to be a complex case at this time inasmuch as the claims turn largely on plaintiff's version of Dr. Brockbank's examination and treatment orders.  While the court is sympathetic to plaintiff's right-eye vision problem, he appears capable of reading and understanding the filings in this case.  Under the circumstances, the court declines to appoint counsel at this time and the motion shall be DENIED WITHOUT PREJUDICE.  The issue may be revisited after the parties prepare a planning report and the court conducts a scheduling conference.[3]

**IT IS THEREFORE ORDERED** that plaintiffs' motion for the appointment of counsel **(Doc. 16 & 55)** is **DENIED WITHOUT PREJUDICE.**

### Motion for Joinder

Plaintiff moves to join Chad Sharp, a physician at the El Dorado Correctional Facility, as a defendant pursuant to Fed. R. Civ. P. 19.  In support of his motion, plaintiff argues that Dr. Sharp is "acting in concert with all other named defendants ... to deprive [him] of medical treatment."  (Doc. 45).  Because the addition of Dr. Sharp (1) does not

---

[3] The order directing the parties to confer and submit a planning report will be separately filed.

deprive the court of jurisdiction and (2) assists in the complete resolution of plaintiff's grievances against the Department of Correction doctors, the motion shall be GRANTED.

**IT IS THEREFORE ORDERED** that plaintiff's motion to join Dr. Chad Sharp as a defendant **(Doc. 45)** is **GRANTED.** The clerk of the court shall take appropriate steps to serve Dr. Sharp with a copy of the amended complaint (Doc. 18) and a copy of plaintiff's motion for joinder (Doc. 45).[4]

### Motion for Appointment of Expert

Plaintiff moves for the appointment of an expert "to retrieve missing lab reports out of Correction Care Solution's main hard drive computer system." (Doc. 47).[5] The request is based on a Medical Progress Note for plaintiff (dated November 19, 2004) containing the following language: "(*** 2 Diagnosis Record(s) Missing ***). However, the record contains no evidence that the parties conferred in an attempt to resolve this discovery request. Accordingly, the motion shall be DENIED WITHOUT PREJUDICE.

**IT IS THEREFORE ORDERED** that plaintiff's motion for the appointment of an expert **(Doc. 47)** is **DENIED WITHOUT PREJUDICE.**

---

[4] Plaintiff's motion includes an "affidavit" detailing Thomas's claim against Dr. Sharp.

[5] Correction Care Solutions provides contract medical service to the Kansas Department of Corrections.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 8th day of November 2005.

        S/ Karen M. Humphreys
        _____
        KAREN M. HUMPHREYS
        United States Magistrate Judge