IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

STEVEN RAY THOMAS,

      Plaintiff,

vs.

                                              Case No. 04-3274-JTM

LOUIS E. BRUCE, et al.,

      Defendants.

## ORDER

This matter comes before the court on the plaintiff's Motion for Reconsideration (Dkt. No. 97). Plaintiff argues that this court should reconsider its grant of summary judgment.

A motion to reconsider a dispositive order or judgment should be brought pursuant to Fed. R. Civ. P. 59(e) or 60. D. Kan. Rule 7.3(a). The court employs similar legal standards to review motions under either rule. See Vanlerberghe v. Apfel, No. Civ. A. 98-2443-CM, 2000 WL 360104, at *1 (D. Kan. 2000).

Kansas federal courts permit a motion to reconsider when there are fundamental legal errors that require the court to reconsider its earlier decision. Id. citing Federated Mut. Ins. Co. v. Botkin Grain Co., 856 F. Supp. 607, 609 (D. Kan. 1994), aff'd in part and rev'd in part on other grounds, No. 94-3245, 1995 WL 495704 (10th Cir. Aug. 17, 1994). Sustaining the motion requires a finding of manifest error of law or fact. All West Pet Supply Co. v. Hill's Pet Prods. Div., Colgate Palmolive Co., 847 F. Supp. 858, 860 (D. Kan. 1994), modified 842 F. Supp. 1376

(D. Kan.1994). Rule 59(e) should not be used to raise arguments or evidence that could and should have been raised prior to the entry of judgment or to reargue points the court already considered and rejected. See id. (citations omitted). The decision on whether to grant or deny a motion to reconsider is left to the sound discretion of the district court. See Hancock v. Oklahoma City, 857 F.2d 1394, 1395 (10th Cir. 1988); Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 174 (5th Cir. 1990).

     The court's prior order noted that plaintiff's response was untimely. However, further elaboration may be useful in understanding the situation. The court waited more than two months before entering an order in this case. Chambers did not receive plaintiff's response until the day this court was to file its original grant of summary judgment. A copy of the response had been mailed to the office of the magistrate judge and subsequently delivered to chambers. The clerk's office in Wichita could not docket plaintiff's response because it was not an original and failed to comply with local filing requirements. D. Kan. 7.1(d). The clerk's office in Topeka also indicated that it had not received an original of plaintiff's response. As such, no response has ever been filed with this court. Thus, plaintiff submitted a response that this court could not consider, even if it were timely.

     Under these circumstances, the grant of summary judgment was appropriate. Plaintiff has not come forward with any new evidence that requires this court to reconsider its prior order.

     IT IS ACCORDINGLY ORDERED this 31st day of May 2006, that the court denies plaintiff's Motion to Reconsider (Dkt. No. 97).

                                                     s/ J. Thomas Marten  
                                                     J. THOMAS MARTEN, JUDGE